<u>Not for Publication</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRITE-PAINTING & DECORATING CO., INC., <br><br> *Defendant*. | Civil Action No. 19-16808 <br><br> <u>OPINION</u> |

**John Michael Vazquez, U.S.D.J.**

**I.   INTRODUCTION**

This matter comes before the Court on Plaintiffs' unopposed motion for default judgment against Defendant Brite-Painting & Decorating Co., Inc. ("Brite" or "Defendant") under Fed. R. Civ. P. 55(b). D.E. 8. The Court reviewed all submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Plaintiffs' motion is **GRANTED in part and DENIED in part**.

**II.   FACTS AND PROCEDURAL HISTORY**

Plaintiffs seek to collect delinquent contributions and penalties due and owing to Plaintiffs. Affidavit of W. Daniel Feehan ("Feehan Aff.") D.E. 8-1 ¶ 2. Plaintiffs are (1) Trustees of

International Union of Painters and Allied Trades District Council 711 Health & Wealth Fund, (2) Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund, (3) Trustees of Painters District Council 711 Finishing Trades Institute, (4) International Union of Painters and Allied Trades District Council 711 Health & Wealth Fund (the "Health Fund"), (5) International Union of Painters and Allied Trades District Council 711 Vacation Fund (the "Vacation Fund"), (6) Painters District Council 711 Finishing Trades Institute (the "FTI"), and (7) International Union of Painters and Allied Trades District Council 711 (the "Union"). D.E. 1 ("Compl.") ¶¶ 4-6, 12. Health Fund, Vacation Fund, and the FTI are collectively known as the "Funds." *Id.* ¶ 7.

Defendant is party to a Collective Bargaining Agreement (the "CBA") with the Union. *Id*. ¶ 19. The CBA "provides that Defendant Brite must make specified fringe benefit contributions to the Funds, and remit administrative dues as required by the CBA for Defendant Brite's represented employees." *Id*. ¶ 20; Feehan Aff. Ex. A. Plaintiffs allege that Defendant Brite "did not provide notice to cancel the CBA effective May 1, 2006 through April 30, 2011," so as a result of the CBA's Duration Clause, "Brite automatically becomes party to the subsequent CBA effective May 1, 2019 through April 30, 2022." Feehan Aff. ¶¶ 4-5. Plaintiffs allege that Defendant "reaped the benefit of the labor provided by [the Union's] employees" but failed to "remit or has only remitted a portion of the required contributions to the Funds for the benefit of its employees" between January 1, 2013 through December 31, 2015. Compl. ¶¶ 22-23. Plaintiffs further allege that "[p]ayment of the delinquent contributions and penalties assessed against Defendant Brite has been demanded by the Funds, but Defendant Brite has refused to submit the required payments." *Id*. ¶ 24.

Plaintiffs filed a two-count Complaint against Defendant on August 16, 2019. In Count One, Plaintiffs allege that Brite failed to remit required contributions in violation of 29 U.S.C. § 1145 and that the delinquencies constitute prohibited transactions pursuant to 29 U.S.C. § 1106(a)(1)(B). *Id*. ¶¶ 18-27. Plaintiffs allege in Count Two that Defendant violated the CBA by failing to remit dues checkoffs to the Union. *Id*. ¶¶ 28-32. Service was effected on December 15, 2018. *See* D.E. 5; Feehan Aff. ¶ 6. Defendant has not filed an answer and the time to respond has not been extended. Feehan Aff. ¶ 7. The Clerk entered default as to Brite for failure to plead or otherwise defend on September 18, 2019. On December 20, 2019, Plaintiffs filed the current motion. D.E. 8.

In support of their claim for damages, Plaintiffs submitted an affidavit from W. Daniel Feehan, Plaintiffs' attorney. Feehan Aff. ¶ 1. The affidavit includes portions of the CBA (*id*. Ex. A); a copy of the Policy for Collection of Delinquent Contributions (*id*. Ex. B); a copy of Brite's signature page to the CBA (*id*. Ex. C); a copy of the Duration Clause, ¶¶ 20.1-20.2, of the CBA (*id.* Ex. D); a copy of the summons served to Defendant (*id*. Ex. E); an audit report (*Id.* Ex. F); a copy of the letter from Plaintiffs' counsel to Brite requesting payment (*id.* Ex. G); a document with Plaintiffs' interest and liquidated damages calculations (*id*. Ex. H); a summary of attorneys' fees and costs (*id*. Ex. I); and the computerized timesheets for the legal services performed (*id*. Ex. J).

Plaintiffs allege that Plaintiff Funds are owed $2,943.32 for delinquent contributions plus fees and $1,051.25 for reasonable attorneys' fees and related costs, for a total judgment of $3,994.57. Feehan Aff. ¶ 19. Plaintiffs' motion focuses on Count One; as a result, the Court does not address Count Two.

### III. LAW AND ANALYSIS

#### A. Standard of Review

"Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No.11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, however, and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

Prior to entering a default judgment, the court is required to: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Additionally, the Court must consider the following three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006).

### B. Jurisdiction and Service

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

#### i. Subject Matter Jurisdiction

The Court has subject matter jurisdiction. Congress granted district courts exclusive subject matter jurisdiction for civil actions that arise under ERISA. 29 U.S.C. §1132(e)-(f). This Court also has jurisdiction under Section 301 of the LMRA, which grants district courts jurisdiction over "[s]uits for violation of contracts between employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. §185(a).

#### ii. Personal Jurisdiction

The Court has personal jurisdiction over Defendant. Defendant maintains its principal place of business in New Jersey. Compl. ¶ 16. As a result, Defendant is considered "at home" in this state and is subject to general jurisdiction here. See *Int'l Union of Painters v. Andrews Window Servs, LLC*, No. 15-3583, 2016 WL 3234516, at *2 (D.N.J. June 7, 2016).

#### iii. Sufficiency of Proof of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant." *Teamsters Pension Fund of Philadelphia*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir.1985)). Pursuant to Rule 4, service may be effectuated upon a corporation by following New Jersey law. Fed. R. Civ. P. 4(e)(1), (h). Under New Jersey law, a corporation may be served by delivering a copy of the

summons and complaint to "any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation." N.J. Ct. R. 4:4-4(a)(6). Here, Plaintiffs personally served Dini Mirkovi, President of Brite, on August 19, 2019. Def. Aff. ¶ 6, Ex. E. Therefore, Defendant was properly served with the summons and complaint such that this Court has personal jurisdiction over Defendant.

### C. Sufficiency of Causes of Action and Proof of Damages

Next, the Court must determine whether the complaint states a proper cause of action. The Court must accept all well-pleaded factual allegations in the pleadings as true, except as to damages. *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.

Count One states a valid cause of action. Section 515 of ERISA requires employers who are obligated to make contributions to a multiemployer plan pursuant to a CBA to "make such contributions in accordance with the terms and conditions of such plan or [CBA]." 29 U.S.C. § 1145. The CBA in this case required Brite to make contributions to Funds for each hour worked by each employee. Feehan Aff. Ex. A, Art. 11. The Funds are multiemployer plans within the meaning of ERISA. Compl. ¶¶ 4-6. Plaintiffs argue that Defendant benefitted from labor provided by employees but failed to remit the required contributions to the Funds. *Id.* ¶ 22. Thus, Defendant violated Section 515.

Section 502(g)(2) of ERISA provides that in an action to enforce Section 515 in which judgment is entered for the plan, a court "shall award" (1) the unpaid contributions, (2) interest on the unpaid contributions,[1] (3) the greater amount between either interest on the unpaid

---

[1] Interest on unpaid contributions is determined by using the rate provided for under the plan. 29 U.S.C. § 1132(g). The CBA provides that interest owed "shall be calculated from the date that the contributions became delinquent at 2% above the prime rate charged by the Funds' depository bank as of January 1 and July 1 ("Interest Rate Determination Date"), which interest rate shall remain in effect until the next Interest Rate Determination Date." Feehan Aff. Ex. B at 6.

contributions or "liquidated damages provided for under the plan in an amount not in excess of 20 percent" of the principal amount, (4) reasonable attorney's fees and costs, and (5) "such other relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). These amounts are mandatory – Plaintiffs are entitled to recover them. *See Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 F. App'x 972, 975 (3d Cir. 2003); *Int'l Union of Painters*, 2016 WL 3234516, at *3.

Plaintiffs argue that they should be awarded a total judgment of $3,994.57. Feehan Aff. ¶ 19. First, Plaintiffs allege that Defendant owes $2,000 for unpaid contributions from January 1, 2013 through December 31, 2015. *Id.* ¶ 9. The audit report demonstrates that Brite "was delinquent in contributions in the amount of $60,926.43" for the relevant time period, *see id.* Ex. F, but the Feehan Affidavit notes that "Defendant Brite remitted payments totaling $58,926.43 to Plaintiff Funds." *Id.* ¶¶ 10-11. Therefore, the resulting balance for unpaid contributions is $2,000. *Id.* ¶ 11. Moreover, Plaintiffs argue that they are entitled to interest on unpaid contributions in the amount of $403.32. Feehan Aff. ¶ 13. Section 502(g)(2)(B) permits a fiduciary to recover "interest on the unpaid contributions." 29 U.S.C. § 1332(g)(2)(B). Plaintiffs properly calculated interest at 2% above prime. *Id.* The Court grants $2,000 for unpaid contributions and $403.32 in interest.

Additionally, Plaintiffs request $140 in liquidated damages "calculated at 20% of the delinquency."[2] Feehan Aff. ¶ 13. Section 502(g)(2)(C) permits a fiduciary to recover the greater amount between either "(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the

---

[2] The Policy for the Collection of Delinquent Contributions in this case states that "[l]iquidated damages will be $20 for each Fund for which payment is due." Feehan Aff. Ex. B at 2. Plaintiffs do not indicate the contractual basis for their requested amount of 20%.

court" to be the amount owed in unpaid contributions. 29 U.S.C. § 1332(g)(2)(C)(i)-(ii). The Court grants $140 in liquidated damages.[3] Plaintiffs also request a delinquent penalty of $400, which the Feehan Affidavit explains is "calculated at $20 per Fund pursuant to the Policy for Collection of Delinquent Contributions."[4] Feehan Aff. ¶ 10; Feehan Aff. Ex. B at 3. While the Feehan Affidavit states that the delinquent penalty calculations (along with interest and liquidated damages calculations) are shown in Exhibit H, *see id.* ¶ 13, it does not appear the penalty calculations were actually included in the exhibit. Consequently, Plaintiffs have not met their burden of proving a delinquency penalty. Plaintiffs may submit an affidavit along with any necessary supporting documentation addressing delinquent penalty calculations. If appropriate, the Court will enter an amended order to reflect Plaintiffs' right to recover a delinquency penalty.

Lastly, Plaintiffs seek $560 for attorneys' fees and $491.25 in costs for a total of $1,051.25 combined attorneys' fees and costs. Feehan Aff. ¶ 17. "In awarding fees under this rubric, the 'court should determine what constitutes a reasonable fee.'" *Int'l Union of Painters*, 2016 WL 3234516, at *4 (quoting *Graziano v. Harrison*, 950 F.2d 107, 114 (3d Cir. 1991)). In addition, a request for fees "must be accompanied by fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various

---

[3] Here, the interest on the unpaid contributions ($403.32) is greater than the requested liquidated damages ($140). Plaintiffs are entitled to the greater of the two amounts – the interest on unpaid contributions. *See Trustees of Amalgamated Ins. Fund v. Sheldon Hall Clothing, Inc.*, 862 F.2d 1020, 1023–24 (3d Cir. 1988). However, Plaintiffs explicitly requested the liquidated damages amount. Feehan Aff. ¶ 13. Since the liquidated damage amount requested is less than the interest amount, the Court will permit Plaintiffs $140 in liquidated damages despite the issue discussed in note 2.

[4] There is no statutory basis for a penalty, but the Policy for Collection of Delinquent Contributions entitles Plaintiffs to a penalty when litigation is initiated. Feehan Aff. Ex. B at 3 ("In the event an employer fails to pay the delinquent Contributions, interest, and liquidated damages by the end of the 2nd month following the month in which Contributions are due, Fund Counsel shall assess a penalty in the amount of 20% of the unpaid balance and initiate legal action, unless Fund Counsel recommends a different course of action[.]").

classes of attorneys." *Id.* (quoting *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007)). Plaintiffs provide a summary of attorneys' fees and costs (Feehan Aff. Ex. I) as well as a detailed report of the legal services performed, the party performing the services, the time required to perform each service and the date each service was performed. Feehan Aff. ¶¶ 15-18, Ex. J. The two attorneys were billed at a rate of $175.00 per hour and the paralegal was billed at $70.00 per hour. *Id.* The Court is satisfied that the fees and costs are well documented and reasonable in light of the nature of the case and the services rendered. Accordingly, the Court will award attorneys' fees and costs for the requested amount of $1,051.25.

In sum, the Court grants damages from January 1, 2013 through December 31, 2015 in the amount of $2,543.32 (comprised of delinquent contributions, interest, and liquidated damages), as well as $1,051.25 for attorneys' fees and costs. Additionally, the Court denies the requested penalty, but Plaintiffs may submit sufficient evidence supporting the requested $400 delinquent penalty. If appropriate the Court will enter an amended order.

### D. Default Judgment

"Before imposing the extreme sanction of default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Teamsters Pension Fund of Phila.*, 2011 WL 4729023, at *4 (quoting *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008)). Here, all three factors weigh in favor of entering default judgment. First, considering that Defendant has not responded in this matter, "Defendant has put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3. Additionally, there is nothing on the face of the complaint indicating that a

meritorious defense is available. Next, without a default judgment, Plaintiffs have no other means to seek relief for the harm allegedly caused by Defendant. As a result, Plaintiffs will be prejudiced if default judgment is not entered. *See Int'l Union of Painters*, 2016 WL 3234516, at *3. Lastly, Defendant's failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part. *Id.* For these reasons, the Court finds that default judgment is warranted.

### IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for default judgment, D.E. 8, is granted in part and denied in part. An appropriate Order accompanies this Opinion.

Dated: August 10, 2020.

John Michael Vazquez, U.S.D.J.